UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| EVA L. DIBARTOLO, | |
| Debtor. | CASE NO. 05-69647 |
| DANIEL R. EVANS, *et al*, | ADV. NO. 06-6053 |
| Plaintiffs, | |
| | JUDGE RUSS KENDIG |
| v. | |
| EVA L. DIBARTOLO, | **MEMORANDUM OPINION** |
| | **(WRITTEN OPINION)** |
| Defendant. | |

**THIS OPINION IS NOT INTENDED FOR PUBLICATION OR CITATION. THE AVAILABILITY OF THIS OPINION, IN ELECTRONIC OR PRINTED FORM, IS NOT THE RESULT OF A DIRECT SUBMISSION BY THE COURT.**

This matter comes before the court upon a motion to quash the summons and complaint filed by Eva. L. DiBartolo (hereinafter "Defendant"). Daniel R. Evans, Inc., Bair's Inc., Bedford Glens Garden Center, B&B Brothers Enterprises, Inc., Besturf Seed, Grolawn, Inc., Heiser Sand and Gravel, Inc., Mathie Supply, Inc., and Willoway Nurseries, Inc. (hereinafter "Plaintiffs") filed a response to the motion to quash on July 20, 2006. A pretrial conference was held in this matter on July 26, 2006. Subsequently, the court issued a scheduling and trial order, establishing discovery deadlines and a trial date, pending the outcome of Defendant's motion.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(I). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS & PARTIES' ARGUMENTS

Defendant filed a chapter 7 petition on November 21, 2005. Plaintiffs were listed on

1

Defendant's schedules as creditors holding unsecured nonpriority claims. Plaintiffs commenced an adversary proceeding on February 21, 2006 seeking a monetary judgment and order declaring their debts non-dischargeable pursuant to 11 U.S.C. § 523(a)(2). On February 24, 2006, Plaintiffs filed a request for issuance of summons on Defendant. The deputy clerk issued a summons for Defendant on March 2, 2006. Plaintiffs filed a supplemental request for issuance of summons on June 5, 2006. The deputy clerk issued an alias summons for Defendant on June 6, 2006. Though Plaintiffs must file the "certificate of service" portion of the summons with the court, indicating to whom service was made, a certificate evidencing service of the summons was not filed subsequent to the original summons or the alias summons.

In Defendant's motion to quash she asserts that she was not served with the complaint or the summons. Further, Defendant states that Plaintiffs did not serve her attorney with a copy of the complaint. In their response, Plaintiffs state that their attorney sent copies of the complaint and partially completed summons to Defendant's attorney and argue that Defendant has not met her burden of proof to quash the summons. In an affidavit attached to Plaintiffs' response, Plaintiffs' attorney states that the automatic stay imposed by the bankruptcy code prevented him from contacting Defendant directly. Thus, he sent the documents to her attorney, not her directly.

## DISCUSSION

*A. Effectiveness of Service*

Federal Rule of Bankruptcy Procedure 7004 governs the process for the service of summons and complaint in an adversary proceeding. Rule 7004(b) permits service by first-class mail on various entities. Fed. R. Bankr. P. 7004(b). Subsection (b)(9) governs service made by first-class mail on the debtor and requires that a copy of the complaint and summons be mailed to debtor and, if debtor is represented by counsel, debtor's attorney. Id. The rule "unambiguously provides that service of process upon a debtor is not sufficient unless both debtor and his attorney are served with the summons and a copy of the complaint." Drier v. Love (In re Love), 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999); See also Waterman v. Zacharias (In re Zacharias), 60 B.R. 142 (Bankr. N.D. Ohio 1986). Anything less than strict compliance with this rule does not constitute effective service and actual knowledge of an adversary proceeding does not cure a technically deficient service of process. Drier, 232 B.R. at 377-78.

In this case, Plaintiffs attempted service through first-class mail. Thus, Rule 7004(b)(9) applies and, in order to effectuate proper service, the complaint and summons must be mailed to both Defendant and her attorney. Attorney for Plaintiffs' assertion that he is not permitted to contact Defendant due to the imposition of the automatic stay is inapposite to the clear requirement that Defendant herself, in addition to her attorney, must be served with the complaint and summons in an adversary proceeding lodged against her.

Plaintiffs also posit that the court should deny the motion to quash because Defendant did

2

not meet her burden of proof with regard to the motion. In challenges to sufficiency of process, a signed proof of service constitutes prima facie evidence of valid service and a simple denial of receipt of service is not sufficient to overcome this burden. Hechinger Inv. Co. of Delaware, Inc. v. Survivor Tech., Inc. (In re Hechinger Inv. Co. of Delaware, Inc.), 287 B.R. 620, 623 (Bankr. Del. 2002). However, this presumption of validity is not available to Plaintiffs in the instant case because Plaintiffs failed to file a signed proof of service subsequent to the issuance of the first summons and the alias summons.[1] Plaintiffs offer no reason for this failure and it appears that the problem is lack of compliance with the applicable rules. Defendant's contention that she did not receive the summons or complaint, along with the admission of Plaintiffs' attorney that he did not serve Defendant is sufficient to determine that Plaintiffs' service was ineffective.

*B. Rule 4(m)*

Since the court deems Plaintiffs' service ineffective, the court must now determine whether the complaint should be dismissed or whether Plaintiffs can still effectuate valid service. Federal Rule of Bankruptcy Procedure 7004 incorporates certain provisions of Federal Rule of Civil Procedure 4, including Rule 4(m) which provides, in pertinent part:

> If the service of summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Bank. P. 7004 (incorporating Fed. R. Civ. P. 4).

If a plaintiff establishes good cause for failure of service the court *must* grant additional time for service. Westfield Ins. Co. v. Madar (In re Madar), 218 B.R. 382 (Bankr. E.D. Mich. 1998); Russell v. Goins (In re Goins), 2006 WL 2089922 (Bankr. E.D. Tenn. 2006) (unpublished). Though there is no specific definition of "good cause" in Rule 4(m), the Sixth Circuit Court of Appeals provides some direction, as they note that courts focusing on this issue consider whether a plaintiff made a reasonable and diligent effort to effectuate service. Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994). In this case, Plaintiffs' have not demonstrated good cause. The affidavit provided by Plaintiffs' counsel specifically states that he did not send either the summons or the complaint to Defendant. The fact that she had actual

---

[1] The form "Summons and Notice of Pretrial Conference in Adversary Proceeding" (Form 250B) is a Director's Procedural Form. The form itself has two pages, the latter of which is a "certificate of service" that must be completed and filed with the court. Parties are informed of this requirement in the instructions accompanying Form 250B which state that "On the back of the summons is a certificate of service of the summons. After service has been made, this certificate should be completed, and filed with the court."

3

notice of the adversary proceeding because her attorney was served with at least some of the documents via mail and the complaint via the court's CM/ECF e-mail notification system is not enough to establish good cause.

In addition, courts in the Sixth Circuit hold that the court *may* utilize its discretion to extend service time even in the absence of good cause. Id.; See also Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322 (E.D. Mich. 2001). Supporting these decisions are the Advisory Committee Notes to Fed. R. Civ. P. 4(m), stating that the subdivision "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Fed. R. Civ. P. 4(m).

Because Plaintiffs' cannot establish good cause, the court must determine whether it should grant Plaintiffs additional time to effect service. In Donaldson v. Lopez (In re Lopez), 292 B.R. 570 (E.D. Mich. 2003), the court considered several factors before exercising their discretion to extend the 120-day period, including whether:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process

Id. In addition, the Advisory Committee Notes to Rule 4(m) state that an extension may be justified "if the applicable statute of limitations would bar the refiled action." Fed. R. Civ. P. 4(m); See also Colasante v. Wells Fargo Corp., 81 Fed. Appx. 611 (8th Cir. 2003) (stating that when dismissal without prejudice has the effect of barring plaintiff's claim, there is a strong argument for a permissive extension); Kadlecek v. Ferguson (In re Ferguson), 204 B.R. 202, 209 (Bankr. N.D. Ill. 1997) (stating that running of limitations statute is a factor that should be paid close attention when deciding whether to grant additional time to effect service). Further, there is a general preference in the Sixth Circuit to decide disputes on the merits rather than disposing of them on procedural or technical grounds. Madar, 218 B.R. at 384.

Considering the above factors, the court determines that it is appropriate to exercise its discretion and extend Plaintiffs' time for effectuating proper service of process. Consideration of the first factor does not weigh in Plaintiffs' favor because their 120 days expired by the time the motion to quash was filed. However, factors (2) through (5) tip the balance in Plaintiffs' favor. An extension of time would not prejudice Defendant as her attorney received the complaint via the court's CM/ECF e-mail notification system, received at least some documents via first-class mail, and appeared at the pre-trial.

Conversely, a dismissal of the adversary proceeding without prejudice would result in Plaintiffs' action being time-barred. Plaintiffs seek a judgment pursuant to section 523(a)(2).

4

The applicable sections of the Bankruptcy Code and Rules provide that Defendant is discharged from a section 523(a)(2) debt unless a complaint to determine dischargeability is filed no later than sixty (60) days after the first date set for the meeting of creditors. 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(c). In this case, the first date set for the meeting of creditors was December 22, 2005, thus making February 21, 2006 the end of the sixty-day window. Given the general preference in the Sixth Circuit to decide cases on the merits and the severe prejudice that would result to Plaintiffs if an extension is not granted, factor (4) weights heavily in favor of Plaintiffs. Further, though Plaintiffs' counsel was not as diligent as he should have been in effecting service and apprising himself of the applicable service rules, there is no evidence in the record that he lacked good faith in his service attempts. Because factors (2) through (5) favor Plaintiffs, the court will utilize its discretion and grant an extension to the 120-day service period.

## CONCLUSION

For the reasons stated above, the motion to quash is **DENIED**. Plaintiffs have forty-five (45) days from the date of this order to effectuate proper service in accordance with the applicable rules of procedure.

A separate order is issued herewith.

/s/ Russ Kendig        OCT 3 0 2006

**Judge Russ Kendig**
**U.S. Bankruptcy Judge**

5

## Service List

Glenn Schiller
507 W. Park Ave.
Barberton, OH 44203-2551

Daniel R. Evans, Inc.
3448 Greenburg Road
North Canton, OH 44720

Bair's Inc.
6956 Portage Street NW
North Canton, OH 44720

Bedford Glens Garden Center
9486 Cleveland Ave.
North Canton, OH 44720

B&B Brothers Enterprises, Inc.
6116 W. Creek Road
Independence, OH 44131-6816

Besturf Seed
12155 Mogadore Ave.
Uniontown, OH 44685

Grolawn, Inc.
P.O. Box 6357
Canton, OH 44706

Heiser Sand & Gravel
P.O. Box 2491
4833 Applegrove St. NW
North Canton, OH 44720

Mathie Supply, Inc.
4215 Portage St. NW
North Canton, OH 44720

Eva DiBartolo
3348 Malory Circle
Canton, OH 44708

James R. Kandel
101 Central Plaza South
Suite 1003
Canton, OH 44702-1433

Willoway Nurseries, Inc.
P.O. Box 299
Avon, OH 44011